IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Javier Calderon Perez, | No. CV-26-00038-PHX-KML (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner filed this action under § 2241 challenging his immigration detention. Petitioner alleged in his petition he was released from custody on parole "pursuant to § 1226(a)," was re-detained on September 8, 2025, and is entitled to a bond hearing despite the BIA's recent decision in *In re Hurtado*. The court issued an order to show cause why the petition should not be granted, citing recent decisions from this district, the Seventh Circuit, and the Central District of California determining individuals present in the country without admission were detained pursuant to § 1226(a) and entitled to bond hearings. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025).

Respondents opposed the petition, stating petitioner is not a member of the class in *Bautista* because he was apprehended upon arrival in the United States and, as a result, is properly designated as an arriving alien subject to mandatory detention under § 1225(b)(1). (Doc. 8 at 2–3.) Further, although petitioner was granted parole on December 6, 2021

(Doc. 1-1 at 5), that parole expired one year later and was not extended. Therefore, respondents imply, Petitioner's re-detention in September 2025 simply returned him to the custody from which he was paroled. *See* 8 U.S.C. § 1182(d)(5)(A).  And because he was properly designated an arriving alien under § 1225(b)(2), his detention is mandated during removal proceedings.  (Doc. 8 at 4–5.)

Petitioner replied he "is not subject to mandatory detention under § 1225(b)(2)(A) and instead was specifically released in accordance with section 236 of the INA [section 1226]. (Doc. 1, Exhs. 1-3)." (Doc. 10 at 3.) Because the documents submitted by petitioner are inconsistent, *compare* Doc. 1-1 at 3 (citing INA § 236) *and* Doc. 1-1 at 9 (NTA not designating petitioner as an arriving alien) *with* Doc. 1-1 at 5 (citing INA § 212(d)(5)(A)), the court will solicit supplemental briefing on whether petitioner was released on "conditional parole" pursuant to 8 U.S.C. § 1226(a)(2), or "humanitarian parole" pursuant to 8 U.S.C. § 1182.

Respondents acknowledge petitioner's parole-related documents are inconsistent. (Doc. 8 at 4.)  Other district courts have held inconsistencies like these make a difference. *See, e.g.*, *Sidqui v. Almodovar*, et al., 25-CV-9349 (VSB), 2026 WL 251929, at *10 (S.D.N.Y. Jan. 30, 2026) ("[I]f DHS believed that Petitioner was subject to § 1225(b)(1)(B)(ii), DHS would have continued detaining him after USCIS made the credible fear determination and DHS issued the NTA."); *see also Luna Sanchez v. Bondi*, No. 25-CV-018888, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025) (finding that where the Government initially detained a petitioner pursuant to § 1225(b)(1), "DHS's decision to release an individual on bond, as opposed to humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), constitutes strong evidence that DHS intended to detain the individual under § 1226(a) and not under § 1225(b)").  If respondents believe petitioner was released under humanitarian parole pursuant to § 1182(d)(5)(A), they must provide evidence supporting the humanitarian parole purposes served by petitioner's release and why petitioner was not re-detained for several years.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal

knowledge of the factual statements made therein and signed under penalty of perjury.[1]

**IT IS THEREFORE ORDERED** no later than **February 10, 2026**, Respondents must file a supplemental response discussing and producing evidence supporting whether petitioner was released on conditional parole under 8 U.S.C. § 1226(a)(2) or humanitarian parole under 8 U.S.C. § 1182. Petitioner may file a reply no later than **February 17, 2026**.[2]

Dated this 4th day of February, 2026.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge

---

[1] It does not appear that the declaration from Nellie Martinez supporting respondents' response is based on personal knowledge. Notably, Martinez does not attest that the Declaration is made based on personal knowledge and instead states that the "facts were obtained by my review of the file." (Doc. 8-1 ¶ 2). At best, Martinez has personal knowledge as to the contents of the "file," but is not qualified to attest that the events described therein actually occurred or are accurately reflected.

[2] Petitioner must also inform the court of the status of his immigration proceedings and the result of any hearings that occurred in the interim.

- 3 -