**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Javier Calderon Perez, | No. CV-26-00038-PHX-KML (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner Christian Javier Calderon Perez's petition for writ of habeas corpus asserted, among other issues, that Perez was entitled to a bond hearing. Perez filed a motion for temporary restraining order (Doc. 11) and a motion to expedite (Doc. 18.) While this litigation was pending, Perez's immigration proceedings continued. On March 2, 2026, he was issued a removal order and he waived appeal. (Doc. 24 at 1.) Issuance of a final order of removal is a material change such that the claims in the current petition no longer appear viable.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  "During the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision.  8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701

(2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004). However, it is unclear whether an alien can raise a colorable claim for release in the period between 90 days and six months. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted).

Because Perez's removal period began less than 90 days ago, his current detention is mandatory. Therefore, his motions regarding immediate release are denied and the claims in his current petition are dismissed. If respondents are unable to remove Perez within 90 days of his removal order, Perez may file an amended petition asserting a claim based on prolonged detention.

**IT IS ORDERED** the Motion for Temporary Restraining Order (Doc. 11) and Motion to Expedite (Doc. 18) are **DENIED**.

**IT IS FURTHER ORDERED** the petition (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. No later than **June 2, 2026**, petitioner may file an amended petition. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no amended petition is filed by that date.

/

/

/

/

/

/

- 2 -

**IT IS FURTHER ORDERED** if an amended petition is filed, respondents shall respond to that petition within ten days.

Dated this 1st day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge